**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

SHAUN C. ALLEN                                                                    PLAINTIFF
ADC #158525

V.                                            NO: 4:16CV00484 JM/PSH

USA *et al*                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

      The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.  Background**

      Plaintiff Shaun C. Allen, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 15, 2015, as one of five plaintiffs who were part of *McNamee v. USA et al*, 4:15CV000767.  On July 6, 2016, Judge Moody entered an order severing *McNamee v. USA* into individual cases with a single plaintiff each.  That order is docketed in this case as the first docket entry.

**II.  Screening**

1

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III.  Analysis

All plaintiffs in the original action were ordered to file an amended complaint, setting forth the claims specific to them.  Doc. No. 10.  Allen filed an amended complaint advancing claims relating to his mail at the Faulkner County Detention Center. Doc. No. 13.  However, the allegations Allen made were too vague to determine if he stated a claim for relief, and, on July 14, 2016, the Court entered an order noting that Allen appeared to claim his legal mail had been interfered with, but that the precise nature of the mail and the injuries he sustained were not clear.  Doc. No. 23. That order directed Allen to file an amended complaint describing the specific mail tampered with,

2

who the mail was to or from, how he was injured as a result, and the role each defendant played.

Allen filed another amended complaint on August 4, 2016. Doc. No. 24. According to the amended complaint, defendants opened and made copies of mail he has sent to or received from family members, this Court, and three different law offices. Most of mail Allen described in that complaint, such as to or from family members and this Court, is not privileged, and any opening or copying of such mail is not a constitutional violation. However, Allen did identify the law offices of Rainwater, Holt & Sexton, and attorneys John Wesley Hall and Jonathan T. Lane, as being involved in the mail issues. Therefore, the Court entered an order on December 13, 2016, directing Allen to file another amended complaint that explains his relationship with the Rainwater firm, and Hall and Lane. Doc. No. 31. Allen was also directed to identify specific letters opened or copied, and to identify the specific individuals responsible for the actions. The Court also explained that, pursuant to *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981), privileged prisoner mail is mail to or from an inmate's attorney and identified as such. The Court further explained that most of the mail Allen identified is not privileged, and any opening and copying of such mail is not a constitutional violation. Allen was warned that his failure to file an amended complaint within 30 days would result in the recommended dismissal of his complaint.

More than 30 days have passed, and Allen has not filed an amended complaint as ordered. Although Allen has made general allegations that his mail has been copied or tampered with, he has failed to identify a single piece of mail sent to or from his attorneys which was copied or interfered with in any way, much less enough to establish a constitutional claim. *See Gardner v. Howard*, 109 F.3d 427, 430-431 (8th Cir. 1997) (isolated incident, without any evidence of improper motive or resulting interference with inmate's right to counsel or to access to the courts, does not give rise to

a constitutional violation).  Accordingly, Allen's complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff Shaun C. Allen's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 17th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE